UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **18-1868**

Troy Lamont Moore, Sr. v. Saajida Walton
(E.D. Pa. Civ. No. 2-14-cv-03873)

**ORDER**

Upon further review, it appears that it would not be appropriate to submit this appeal to a panel of the Court for possible dismissal pursuant to 28 U.S.C. § 1915(e) or possible summary action. A briefing schedule shall be issued. In addition to other issues the parties may wish to raise in their briefs, they should also address whether the District Court erred when it concluded that Appellant's amended complaint did not relate back to the date of the original complaint. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186 (3d Cir. 2001). Specifically, the parties should address the following questions:

(1) Whether Appellant demonstrated that there was "some communication or relationship" between the attorney for the prior named defendants and Appellee Walton (the party sought to be added as a defendant) prior to the expiration of the relevant Rule 4(m) period? See Singletary, 266 F.3d at 196-97; Garvin v. City of Philadelphia, 354 F.3d 215, 225 (3d Cir. 2003).

(2) Whether Appellant demonstrated that, during the relevant Rule 4(m) period, Appellee Walton "knew or should have known," that but for a mistake, she would have been named as a defendant after the initial pleading was filed? Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010).

(3) Whether Appellant was given a sufficient opportunity to conduct discovery regarding the first two questions?

(continued)

For the Court,

s/ Patricia S. Dodszuweit

Clerk

Dated:   July 20, 2018

mw/cc:   Mr. Troy Lamont Moore, Sr
         Daniel J. Auerbach, Esq.